EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DOMINGO CANALES, (*a*) LA BOA, acusado y apelante.

No. 2918.—*Visto:* Noviembre 4, 1926.   *Resuelto:* Mayo 9, 1927.

1. HOMICIDIO *(Homicide)*—EVIDENCIA—PESO Y SUFICIENCIA—ASESINATO EN PRIMER GRADO—CIRCUNSTANCIAS ATENUANTES.—La prueba en este caso *se resolvió* justificaba el veredicto de asesinato en primer grado que rindió el jurado que conoció de la causa sin que de la misma aparezca circunstancia alguna atenuante.

2. HOMICIDIO—APELACIÓN Y ERROR—CONFIRMACIÓN DE LA SENTENCIA APELADA.— Cuando la prueba justifica el veredicto de asesinato en primer grado rendido por el jurado, de ella no aparece atenuante alguna y las instrucciones dadas no perjudican en nada los derechos del apelante, procede confirmar la sentencia apelada.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), condenando al acusado a sufrir la,pena capital por delito de Asesinato en Primer Grado. *Confirmada.*

*Rafael Rivera Zayas,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La vista de esta apelación tuvo lugar el 4 de noviembre de 1926 pero no la hemos resuelto hasta ahora porque el abogado del apelante nos pidió que dejásemos en suspenso nuestra resolución porque se trata de una pena de muerte y en otra causa de Carlos Arrocho estaba pendiente la apelación que estableció contra nuestra sentencia decidiendo que está vigente la pena de muerte en esta Isla. Esa sentencia fué confirmada por la Corte de Circuito de Boston pero contra ella fué establecido un recurso de *certiorari*

para ante el Tribunal Supremo de los Estados Unidos que éste ha negado en estos días y, por tanto, resolveremos este recurso.

Domingo Canales (*a*) La Boa apela de una sentencia que lo condena a muerte por delito de asesinato en primer grado. La Ley No. 10 de 1911 dispone en su sección 1ª que en toda causa en que se hubiere pronunciado sentencia de muerte por una corte de distrito será el deber del abogado del acusado apelar debidamente dicha causa para ante este Tribunal Supremo. Y nos parece que solamente por cumplir con esa ley ha sido interpuesta esta apelación pues en lugar de presentársenos un alegato especificando los errores que· se hayan cometido, el abogado del apelante se limita a decirnos por escrito que ha examinado cuidadosamente los autos y no ha podido encontrar error fundamental alguno. Tampoco nos ha presentado alegato el fiscal, ni el abogado del apelante compareció a la vista de este asunto ante nosotros.

[1, 2] Hemos examinado los autos de esta apelación. Se trata de un nuevo juicio concedido al acusado. La acusación imputa al apelante un delito de asesinato en primer grado en la persona de Pedro Figueroa. La prueba consistió en las declaraciones de varios testigos presenciales del delito. Pedro Figueroa, el interfecto, era el capataz de una fábrica de losetas de mosaicos en el barrio de Santurce de esta ciudad. Era un hombre de buen carácter y trataba bien a los empleados de la fábrica. El había cogido al apelante siendo un muchacho hasta que se hizo un hombre. El apelante estaba empleado en esa fábrica en preparar los colores, pero su trabajo lo hacía unas veces bien y otras mal. En una ocasión dañó unas quinientas libras de color y entonces el capataz Figueroa le dijo un sábado que no volviera más al trabajo, pero el apelante se presentó en la fábrica el lunes siguiente y dijo que él trabajaba de una manera o de otra, contestándole Figueroa

que hiciera lo que quisiera.   Poco tiempo después estaba Figueroa en su oficina preparando una grasa para los trabajadores y estando así ocupado y doblado hacia adelante, el apelante, sin mediar palabra alguna, le dió una puñalada por la espalda de la que Figueroa cayó al suelo donde siguió dándole puñaladas y luego con una barra de hierro le dió varios golpes, siendo trece las heridas y contusiones; una de las heridas penetró en la aurícula derecha del corazón, siendo mortal por necesidad, y produciéndole la muerte a los pocos momentos, y uno de los golpes con la barra de hierro le rompió dos costillas.   Inmediatamente acudió al sitio del suceso un detective y poco después un policía y cuando el apelante estaba cambiándose la ropa que tenía manchada de sangre acometió de improviso al detective y al policía que acudió en su auxilio.   El apelante no declaró pero presentó dos testigos quienes dijeron que el acusado era un hombre trabajador y que antes no había tenido cuestión alguna.   La prueba justifica el veredicto de asesinato en primer grado que rindió el jurado que conoció de la causa, sin que aparezca de ella circunstancia atenuante alguna.

También hemos examinado las instrucciones que el juez de la corte dió al jurado y no encontramos en ellas nada que perjudique los derechos del apelante.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no intervino.